IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>**JOE VELASQUEZ III,**   )<br>   )<br>   Defendant.   ) | CR No.   22-CR-00880 JB |

## UNITED STATES' SENTENCING MEMORANDUM

### PROCEDURAL HISTORY

On June 3, 2022, Defendant pled guilty to an information, charging him with a violation of 18 U.S.C. §§ 922(a)(1)(A) and 924, that being Dealing in Firearms Without a License. The United States agreed to dismiss the indictment after sentencing and recommend a sentence at or below the low-end of the properly calculated guideline range. Doc. 41.

A Presentence Investigation Report (PSR) was prepared and disclosed on November 1, 2022. Doc. 49. The Defendant's total offense level is 15, and his criminal history category is I, resulting in a guideline imprisonment range of 18-24 months. PSR ¶ 55. After consideration of the factors in 18 U.S.C. 3553(a), the PSR author determined that a downward variance outside the advisory guideline range may be warranted in this case. PSR ¶ 72.

The United States has no objections to the presentence report in this matter and agrees that the facts, as outlined in the PSR under the Offense Conduct, adequately describe the nature

1

of this offense. PSR ¶¶ 7-16. Additionally, the government concurs that the PSR correctly calculated the applicable total offense level and criminal history category.

For the reasons stated herein, the United States requests the Court accept the plea agreement and impose a term of twelve months and a day imprisonment, followed by three years of supervised release with the conditions listed in Attachment A to the Presentence Report. Doc. 49-1.

ARGUMENT

The Court should apply *United States v Booker*, 543 U.S. 220 (2005), and *Rita v. United States*, 127 S.Ct. 2456 (2007), to arrive at a reasonable sentence for the defendant. In doing so, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(A). These factors support the Government's request.

1. The Nature and Circumstances of the Offense

ATF identified 72 firearms purchased by Defendant between April 17, 2018, and June 25, 2021. PSR ¶ 15. Records reflect that Defendant sold at least 36 firearms to other individuals in that timeframe, primarily using gun sale websites. PSR ¶ 15. Defendant provided a statement where, although he was initially dishonest about the number of firearms he bought and sold, he acknowledged he only retained between two and four firearms at the time of the interview. PSR ¶ 10. He ultimately admitted selling approximately 25 firearms. PSR ¶ 11. There is a strong inference from these facts that he also sold the missing 43-45 firearms.

While the sheer number of firearms Defendant sold was concerning, Defendant's conduct drew extra attention because thirteen of them were later seized by law enforcement associated with criminal activity. PSR ¶ 8. Of those, ten were considered a short time to crime, meaning

they were recovered within a year from the date Defendant purchased them. PSR ¶ 8. The guns he unlawfully sold facilitated a wide range of criminal activity, from a juvenile in possession of a firearm to aggravated battery.

While the United States acknowledges there is no information Defendant intended for these guns to be used in crimes, it also doesn't appear that he did anything to prevent it as he sold guns for profit. The recommendation to a downward variance is consistent with the recommendation in the PSR, while considerate of the series of criminal acts Defendant committed.

2. History and Characteristics of the Defendant

This is Defendant's first meaningful entry in his criminal history. PSR ¶¶ 32-37. He has a criminal history score of zero and no arrests outside of a shoplifting charge from 2014. PSR ¶¶ 32-37. He has a GED, steady employment, and established family support. PSR ¶¶ 42-50. All of these factors support the downward variance recommended in the PSR.

3. The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant

The sentence requested is a sentence that is necessary to promote respect for the law, provide just punishment, adequate deterrence, and to protect the public. The requested sentence is necessary to impart the seriousness of his crimes on Defendant specifically and to send a message more broadly that the repeated firearm sales outside of legal bounds, especially those that result in firearms fueling violent crimes, will be treated with appropriate seriousness. The requested sentence of imprisonment will also cement Defendant's status as a convicted felon and prevent him from engaging in future firearm possession or sales.

If the Court is inclined to impose a sentence that would not include a term of incarceration, the United States would ask that the sentence imposed be probation, so the Court would retain the ability to resentence Defendant under 18 U.S.C. § 3565.

4. <u>The Need to Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Crimes</u>

The sentence requested by the United States already amounts to a significant, but warranted, downward variance. A more significant variance would increase the disparity between Defendant and others who have committed similar crimes and is not warranted by the factors cited above.

<u>CONCLUSION</u>

WHEREFORE, the United States respectfully requests that this Court accept the agreement and sentence the defendant to a term of twelve months and one day imprisonment.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

 /s/ *Timothy D. Trembley*
TIMOTHY D. TREMBLEY
Assistant United States Attorney
PO Box 607
Albuquerque, NM 87103
(505) 346-7274

I hereby certify that on November 30, 2022,
I filed the foregoing using CM/ECF
Which caused the following parties or counsel to
be served by electronic means, as more fully reflected
on the Notice of Electronic filing:

      William Waggoner
      Attorney for Defendant
      newmexicolaw@msn.org

_/s/_____
Timothy Trembley
Assistant United States Attorney